**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOAN CAREY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **Case No.:** |
| ) | |
| GREYSTONE ALLIANCE, LLC, ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| Defendant ) | |
| ) | **(Unlawful Debt Collection Practices)** |

## **COMPLAINT**

JOAN CAREY ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against GREYSTONE ALLIANCE, LLC ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Massachusetts and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Middleboro, Massachusetts.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with corporate headquarters located at 33 Dodge Road, Suite 106, Getzville, New York 14068.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff, related to a retail store card issued by Best Buy.

11. The debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

12. Beginning in or around June 2013, and continuing through August 8, 2013, Defendant engaged in debt collection activities seeking payment from Plaintiff for the alleged Best Buy debt.

13. Defendant's collectors repeatedly made harassing telephone calls to Plaintiff's home telephone number seeking to collect this alleged debt.

14. Defendant called Plaintiff, on average, once a day, and at various times, in its attempts to collect a debt.

15. It was annoying, aggravating, and harassing to Plaintiff to be called multiple times a week and at different times.

16. Further, in its attempts to collect a debt, in or around July of 2013, Defendant called Plaintiff's home telephone and spoke with her husband.

17. During its conversation with Plaintiff's husband, Defendant's collector threatened that it would be making a decision in August about whether to pursue a civil legal action.

18. Upon information and belief, Defendant did not intend to pursue a civil legal action, but made this threat with the intent to scare and coerce payment from Plaintiff.

19. Defendant's threat caused Plaintiff anxiety.

20. To date, Defendant has not pursued legal action against Plaintiff.

21. Lastly, within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written notice setting forth her rights to dispute the debt and/or seek verification of the debt pursuant to the FDCPA, as well as to request information about the alleged creditor.

22. To date, Plaintiff has not received any written correspondence from Defendant.

23. Defendant's actions as described herein were made with the intent to harass, upset, deceive, and coerce payment from Plaintiff.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

24. In its actions to collect a disputed debt, Defendant violated the FDCPA in the following ways:

**COUNT I**

   a. A debt collector violates § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it repeatedly called Plaintiff on her home telephone, on average, once a day for two months and calling at various times, with the intent to annoy, abuse and harass her.

## COUNT II

a. A debt collector violates § 1692e of the FDPCA by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

b. A debt collector violates § 1692e(5) of the FDPCA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

c. A debt collector violates § 1692e(10) of the FDPCA by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

d. Here, Defendant violated §§ 1692e, 1692e(5), and 1692e(10) of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt, including threatening to file suit against Plaintiff when it did not intend to take that action.

## COUNT III

a. A debt collector violates § 1692f of the FDCPA by using unfair or

- 4 -

PLAINTIFF'S COMPLAINT

unconscionable means to collect or attempt to collect any debt.

b. Here, Defendant violated § 1692f of the FDCPA by speaking with Plaintiff's husband and telling him that it was going to evaluate her case in August for legal action.

## COUNT IV

a. A debt collector violates §1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b. Here, Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt or providing her with the name of the original creditor and the amount of

the debt.

WHEREFORE, Plaintiff, JOAN CAREY, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JOAN CAREY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: June 4, 2014    KIMMEL & SILVERMAN, P.C.

By: /s/ Craig Thor Kimmel
CRAIG THOR KIMMEL
BBO# 662924
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com